## DODD v. POCAHONTAS CONSOL. COLLIERIES CO.

(Circuit Court of Appeals, Fourth Circuit. July 25, 1917.)

### No. 1531.

MASTER AND SERVANT ☞238(3)—INJURY TO EMPLOYÉ—NEGLIGENCE OF EMPLOYÉ.

Deceased, experienced as a worker in and about coal mines, killed in the work preliminary to installing a telephone line, involving the cutting of a groove for the wire along the side of a coal mine entry, and the taking down of all loose coal above it, that by falling or sinking would close the groove and break the wire, was guilty of negligence, which was the sole cause of the accident; the brow of coal which fell, while loose from the roof, being reasonably safe till he undermined it by cutting the groove, against warning and protest. and with knowledge from experience and direction of the foreman that all drummy coal had to be taken down and that to do so required the assistance of a number of men.

In Error to the District Court of the United States for the Western District of Virginia, at Big Stone Gap; Henry Clay McDowell, Judge.

Action by W. R. Dodd, administrator of Joseph Gydosh, deceased, against the Pocahontas Consolidated Collieries Company. Judgment for defendant on a directed verdict, and plaintiff brings error. Affirmed.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

William H. Werth, of Tazewell, Va. (Werth & Werth, of Norton, Va., on the brief), for plaintiff in error.

Hugh R. Hawthorne and S. C. Graham, both of Tazewell, Va. (Fulton & Vicars, of Wise, Va., and Graham & Hawthorne, of Tazewell, Va., on the brief), for defendant in error.

Before KNAPP and WOODS, Circuit Judges, and DAYTON, District Judge.

DAYTON, District Judge. This was an action for damages for the death of plaintiff's intestate in a coal mine of defendant.

The charge of negligence was that the defendant allowed a brow of coal overhanging the place where deceased was put to work to become unsafe and failed to exercise care in removing it and rendering the place a safe one to work.

Upon trial the court below directed a verdict and judgment for the defendant, from which action the plaintiff has sued out this writ of error.

The evidence is not conflicting, and clearly discloses the facts to be that Gydosh, while young in years, was old in experience, as a worker in and about coal mines. From the time he was a small boy of 12 years, working as a "back hand" for his father, until his death at the age of 23, he had so labored.

At and before the time of the accident the defendant was installing a telephone line along the main entry of what was known as its "Baby" mine. In order that the wire of this should not be broken or disturbed by cars or other objects passing along and through this entry, it was having a groove dug in the coal along the side of the entry about midway the rib, some four or four and a half feet from the bottom of the mine, the coal seam being from eight to nine feet in thickness. This groove, or "hitch" as it was called, was about eight or ten inches wide and some six inches deep. In this hitch the telephone line was to be placed. The work of its installation, under the direction of Henry, the mine foreman, was being done at odd intervals by company men when there was not more pressing work to do. The work involved, not only the digging of this hitch, but also the taking down of all loose coal above it that, by falling or sinking down, would close the hitch or groove and break the line. It is a well-known fact that by reason of exposure to air and from other causes the coal on the ribs of mine entries will become to an extent loose from the roof and liable to fall if undermined from any point beneath. The fact that such coal at any point along the rib is loose can ordinarily be determined by sounding it. In other words, if struck, it gives forth a dull, hollow sound different from that given by coal not loose. This loosened condition of coal the miners designate as "drummy."

At the point of the accident this condition existed, and in consequence the digging of the hitch or groove there had been passed over a few days before by Pauley until he could have men enough to take the brow down. Gydosh and Pauley, engaged in this work of taking down the loose coal, digging the hitch, and installing this telephone line, in passing along the side of the entry came to this point, and

Gydosh commenced digging the hitch through this overhanging brow of "drummy" coal. Pauley, who was some fifteen or eighteen feet in front of Gydosh when the latter commenced working at the point of accident, called back to him, saying, "I would not dig there; it looks dangerous; it might hop off," meaning, as he explains, that the overhanging brow of loose coal, if dug under, would fall. Gydosh answered him and said, "I believe I can knock out enough here to clear the line." Thereupon "he went ahead and dug a little more, maybe dug once, maybe two or three licks, for all I know, and when I saw it start I hollered, and it fell on him," quoting Pauley's language; he being the sole witness of the accident.

From this and other evidence adduced upon the trial, it is clearly apparent that plaintiff was not entitled to recover for these reasons: First. No negligence can be imputed to the defendant company in the premises. This brow of coal while loose from the roof was secure and reasonably safe until Gydosh undermined it from its bottom support, or, as the eyewitness expressed it, "cut off its leg," against warning and protest. Gydosh knew from experience, and from the directions of the mine foreman, that in the installation of this telephone line all such "drummy" coal had to be taken down, and that to do so required the assistance of a number of men. Second. Not only was the defendant not guilty of negligence, but, on the other hand, Gydosh was clearly negligent, and such negligence on his part was the sole cause of the accident. He was employed to remove this "drummy" coal so that the telephone line might not be interfered with or broken by any subsequent fall on it. He sought to avoid the full requirement of this duty by partially digging away a part of the lower supporting coal or "leg," enough to clear the line, in order to avoid having to take down the brow. Pauley warned him not to do so. While Pauley was not the mine foreman, he was the "leader" of the men engaged in this work when the mine foreman was absent. Gydosh should have heeded his warning. He preferred to trust his own judgment and run the risk, and did so at the cost of his life.

The court below was clearly right in directing the verdict to be rendered for defendant, and its judgment in the premises must be affirmed.

Affirmed.